LEWIS A. COLEMAN, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 10830. Promulgated January 17, 1928.

*Lewis A. Coleman, Esq.,* pro se.
*W. Frank Gibbs, Esq.,* for the respondent.

### OPINION.

MURDOCK: The petitioner contends that the Commissioner erred (1) in refusing to allow a deduction of $3,145.17, being 50 per cent of the alleged loss sustained in the operation of Lacoma Farms, a partnership of which the petitioner was a partner, and (2) in allowing the petitioner a deduction of only $750 as an ordinary and necessary expense and depreciation of 15 per cent on the balance of an item of $1,950 alleged to be the amount of an expenditure for the repair

of fences upon the farm of which the petitioner was one of the owners.

A statement in lieu of schedules for the taxable year 1920 is set forth in the findings of fact. The partnership return shows an excess of deductions over and above gross income in the amount of $2,124.15 and a loss on sales of capital assets in the amount of $6,830.35. From the ambiguous and imperfect nature of the return, we are unable to determine whether it was made upon an accrual or a cash receipts and disbursements basis. The statement of gross income and deductions would seem to indicate a cash basis and it was this basis that the Commissioner evidently accepted. If this method be adopted, there has been presented no evidence to indicate that the Commissioner was in error in disallowing as deductions the amounts of $1,609.39, representing machinery purchased, and $562.44 representing expenditures by the taxpayer, and we can not see that the Commissioner's determination of a net loss to the petitioner from the farming operations in the amount of $171.87 was incorrect.

The statement of assets and liabilities as of December 30, 1920, may or may not constitute an authentic picture of the partnership business at the end of the year. But, in either event, we are unable to determine from it the amount of the partnership loss on the year's business, since the evidence fails to show that the partnership income should be computed on any other basis than that of cash receipts and disbursements. There is no reason to allow a loss to the petitioner who did not pay the notes until a later year.

In regard to the claimed deduction for repair of fences, we can not find that the Commissioner was in error in not allowing a larger portion of the alleged total expenditure as a deduction for repairs. From the evidence we would not be justified in requiring the allowance of any amount as a deduction.

*Judgment will be entered for the respondent.*